UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| RICHARD ABRAHAMSON, et al., | : | Case No. 1:16-cv-712 |
| Plaintiffs, | : | |
| | : | Judge Timothy S. Black |
| vs. | : | |
| BRIAN D. JONES, et al., | : | |
| Defendants. | : | |

**ORDER GRANTING PLAINTIFFS' MOTIONS
FOR A PRELIMINARY INJUNCTION (Doc. 2, Doc. 6) AND
DENYING PLAINTIFFS' MOTION TO SHOW CAUSE (Doc. 11)**

This civil action is currently before the Court on Plaintiffs' motion for a preliminary injunction (Doc. 2), which was filed on June 29, 2016, and Plaintiffs' supplemental motion for a preliminary injunction (Doc. 6), which was filed on July 1, 2016. Defendants have not responded to the motions to date despite being notified of the motions. (*See* Doc. 11-1, Ex. B).

### I.  BACKGROUND FACTS

Plaintiffs Dr. Richard Abrahamson and Melinda Abrahamson seek a preliminary injunction against Defendants Brian D. Jones, Brian Jones Farms, and Nathanial & Riggs Livestock, LLC. (Doc. 2). Plaintiffs claim that Defendant Jones defrauded them by soliciting a series of fraudulent investments. (*Id.*).[1] As of the filing of this Order, Plaintiffs allege that $335,000 that they invested with Defendants remains unreturned.

---

[1] A detailed synopsis of the parties' business relationship leading to the filing of this case can be found in the Court's previous Order granting in part Plaintiffs' motion for a temporary restraining order. (Doc. 9 at 2–7).

1

(Doc. 8, at 1).  Accordingly, Plaintiffs have raised claims of violations of federal and state securities laws, common law fraud, negligent misrepresentation, conversion, and unjust enrichment against Defendants.  (Doc. 1, at 9–17).

Plaintiffs initially filed a motion for temporary restraining order (TRO) as well as a preliminary injunction on June 29, 2016, citing the immediate harm that would occur were the status quo not preserved by Court order.  (Doc. 2).  Specifically, Plaintiffs requested that Defendants' assets be frozen; that Defendants be required to provide an accounting of all their assets; that Defendants be enjoined from using, converting, or disposing of Plaintiffs' assets in their possession; and that Defendants be ordered to return to Plaintiffs all of Plaintiffs' investment.  (*Id.* at 16–17).  In a supplemental motion for temporary restraining order and preliminary injunction filed July 1, 2016, Plaintiffs modified their request for relief, asking the Court to order that the disputed funds be deposited with the Clerk instead of given to Plaintiffs.  (Doc. 6, at 3).

The Court held an evidentiary hearing on the allegations raised in Plaintiffs' motions on July 15, 2016.  Defendant did not participate in the evidentiary hearing despite being notified.  Immediately following that hearing, the Court granted Plaintiffs' motion for a TRO and set a phone conference to discuss the merits of Plaintiffs' motion for a preliminary injunction for July 25, 2016.  (Doc. 9). Defendant did not participate in that phone conference despite being notified.  Following the phone conference, the Court extended the TRO and ordered Defendants to (1) provide a full accounting of the assets under their control, management, and/or possession by August 1, 2016; and (2) respond to the pending motions for preliminary injunction by August 5, 2016.  (Doc. 10).

Defendants did not respond as ordered by the Court, and in fact have not participated in this action in any way despite being repeatedly informed of the procedural posture of the case. (*See* Doc. 11-1, Ex. D).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 65(a)-(b) permits a party to seek injunctive relief when the party believes that it will suffer immediate and irreparable injury, loss, or damage. Nevertheless, an "injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't,* 305 F.3d 566, 573 (6th Cir. 2002).

In determining whether to grant injunctive relief, this Court must weigh four factors: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Ne. Ohio Coal. For Homeless & Serv. Emp. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1099 (6th Cir. 2006). These four considerations are factors to be balanced, not prerequisites that must be met. *McPherson v. Michigan High Sch. Athletic Ass'n, Inc*., 119 F.3d 453, 459 (6th Cir. 1997). "Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs,* 225 F.3d 620, 625 (6th Cir. 2000).

### III. ANALYSIS

#### A. Plaintiffs' motion for a preliminary injunction is meritorious.

The Court previously evaluated the four factors for determining whether to grant injunctive relief in this case in its Order granting Plaintiffs' motion for a TRO.  (Doc. 9). The analysis required to evaluate a preliminary injunction is the same as that required to evaluate a TRO.  *Reid v. Hood*, No. 1:10 CV 2842, 2011 U.S. Dist. LEXIS 7631, at *2 (N.D. Ohio Jan. 26, 2011) ("The standard for issuing a temporary restraining order is logically the same as for a preliminary injunction with emphasis, however, on irreparable harm given that the purpose of a temporary restraining order is to maintain the status quo.") (citing *Motor Vehicle Bd. of Calif. v. Fox*, 434 U.S. 1345, 1347 n.2 (1977)). Defendants have failed to participate in this litigation since the imposition of the TRO despite being ordered to do so by the Court, and the Court has learned no new information that would change its analysis of the case from the analysis contained in the Order granting the TRO.

The Court therefore adopts its previous analysis in holding that injunctive relief is warranted in this case. (*See* Doc. 9, at 9–16).  Specifically, Plaintiffs have demonstrated a likelihood of success on the merits of their unjust enrichment claim, they have demonstrated that they will suffer irreparable harm if relief is not granted, there is no evidence of substantial harm to others that would arise from granting the injunction, and granting the injunction would be in the public interest. Accordingly, Plaintiffs' motion for a preliminary injunction is meritorious and will be granted.

### B. Transferring the disputed assets to the Clerk pending resolution of the action is appropriate at this time.

In the Order granting Plaintiffs' motion for a TRO, the Court held that granting Plaintiffs' request to either freeze or forcibly transfer Defendants' assets was "premature," as Plaintiffs had not demonstrated the "clear and close nexus to the assets sought to be enjoined" that was required for such action. (R. 9, at 13-14 (citing *Trustees of Sheet Metal Workers' Union No. 80 Pension Trust Fund v. Winchester Land, L.L.C.*, 722 F.Supp.2d 826, 828 (E.D. Mich. 2010))). To that end, the TRO forbade Defendants from using, converting, or disposing of Plaintiffs' assets, but did not freeze or order the transfer of any assets. (*Id.*). The TRO also ordered Defendant Jones to provide an accounting of all assets under his control or the control of the corporate codefendants to Plaintiffs by August 1, 2016. (*Id.*). Plaintiffs have informed the Court that Jones did not provide the ordered accounting by the deadline. (Doc. 11, at 3).

By failing to follow the Court's Order and provide an accounting of his assets, Defendant Jones prevents Plaintiffs from determining if there are specific proceeds under Jones's control that have a clear and close nexus to the assets sought to be enjoined. A defendant's assets can be subject to freezing or transfer via preliminary injunction if he or she fails to comply with a court order to disclose information necessary to evaluating the merits of the injunction. *See Meridian Diagnostics, Inc. v. Yi*, No. 1:00-cv-540, 2001 WL 1842463, at *9 (S.D. Ohio Mar. 9, 2001) (holding that freezing of Defendant's assets via preliminary injunction was appropriate when "the Court conclude[d] that Plaintiff's failure to demonstrate the existence of assets of [Defendant] that may be concealed or

5

dissipated is largely the result of Defendants' abuses of discovery and evasions of direct orders of the Court"). Jones's inaction in the face of a court order additionally increases the legitimacy of concerns that he may take some action to put Plaintiffs' assets at risk. In light of these facts, the Court deems it appropriate at this time to order that portion of Plaintiffs' investment with Defendants that has not already been returned to be deposited with the Clerk pending the outcome of this action. *See Concheck v. Barcroft*, No. 2:10-cv-656, 2010 WL 4117480, at *2–3 (S.D. Ohio Oct. 18, 2010).

### C. An Order for Defendants to show cause is unnecessary at this time.

On August 3, 2016, Plaintiffs filed a motion to show cause requesting the Court to order Defendant Jones to show cause why he should not be held in contempt of court for failing to provide an accounting by the ordered deadline. (Doc. 11). That motion was supported by an affidavit from Dr. Abrahamson stating that he had personally spoken with Jones about the Court's July 25, 2016, Order and the requirement that an accounting be made, but that no accounting had been received. (Doc. 11-1, Ex. D).

The Court does not see the need for the imposition of a show cause order or sanctions at this time. The Court's previous Order extending the TRO in this case considered the possibility that Defendant Jones would fail to respond as ordered, stating: "Defendants are hereby advised that the Court will act on Plaintiffs' motions for preliminary injunction on or after August 5, 2016, whether or not Defendants file responsive pleadings." (Doc. 10 at 2). Defendants failed to file any responsive pleadings, and as a result the Court's analysis on the merits of Plaintiffs' request for a preliminary injunction remains unchanged from the favorable analysis of Plaintiffs'

6

earlier request for a TRO. Plaintiffs are getting the injunction they requested, and Defendant's ignoring a court order is a contributing factor to the Court's decision to order transfer of the disputed funds to the Clerk. *See supra* Part III.B. While the Court agrees with Plaintiffs' analysis that a show cause order could be issued for Defendants' failure to provide an accounting as ordered, the Court in its discretion finds that the preliminary injunction is sufficient to move the case forward.

## IV. CONCLUSION

For these reasons, Plaintiffs' motion for a preliminary injunction (Doc. 2) and supplemental motion for a preliminary injunction (Doc. 6) are **GRANTED IN PART.** Specifically, the Court orders Defendant Brian D. Jones to deposit $335,000 with the Clerk within 7 days of the date of this Order. The Clerk shall deposit the money into an interest-bearing account.

Additionally, Plaintiffs' motion to show cause (Doc. 11) is **DENIED.**

Forthwith, Plaintiffs SHALL provide Defendants with a copy of this Order via e-mail. Additionally, the Clerk shall mail copies of this Order to Defendants at the addresses listed in the certificate of service to Plaintiffs' motion for a preliminary injunction (Doc. 2).


Date:  8/12/16                                              *s/ Timothy S. Black*
                                                           Timothy S. Black
                                                           United States District Judge