UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RICHARD ABRAHAMSON, *et al.*            Case No. 1:16-cv-712

    Plaintiffs,                                      Judge Timothy S. Black

vs.

BRIAN D. JONES, *et al.*

    Defendant.

**ORDER GRANTING PLAINTIFFS'
MOTION FOR PUNITIVE DAMAGES (Doc. 53)**

This case is before the Court regarding Plaintiffs' motion for punitive damages filed December 8, 2016. (Doc. 53). Defendants did not file a response.

## I.    INTRODUCTION

Plaintiffs originally filed this case on June 29, 2016. (Doc. 1). Plaintiffs alleged in the Complaint that Defendants had engaged them in a fraudulent business enterprise where Plaintiffs paid Defendants large upfront cash payments in return for promised regular payments that were not fully realized. (*Id.* at 2–9). Furthermore, Plaintiffs alleged that Defendants went to extreme lengths to disguise their fraud, including forging bank documents to convince Plaintiffs that Defendants possessed the necessary funds to fulfil their obligations. (*Id.* at 6–9). Following the Court's issuance of a Temporary Restraining Order (Doc. 9), and after several months where Defendants failed to participate in the litigation, the Court awarded a Default Judgment in favor of Plaintiffs for $335,000 in compensatory damages. (Doc. 19).

1

On December 8, 2016, Plaintiffs filed the present motion for punitive damages, seeking attorneys' fees as well as additional punitive damages. (Doc. 53).

## II. STANDARD OF REVIEW

When a federal court is sitting in diversity, it generally applies the substantive law of the forum state where the case is being tried. This includes the law governing an entitlement to damages, including punitive damages. Accordingly, federal courts sitting in diversity apply the law of the forum state to determine whether punitive damages are recoverable and, if so, what legal standard applies to determine if punitive damages are appropriate in a given case. *See, e.g.*, *Lawson v. Dutch Heritage Farms, Inc.*, 502 F. Supp. 2d 698 (N.D. Ohio 2007) (applying Ohio law to determine whether punitive damages can be recovered); *Cooley v. Lincoln Elec. Co.*, 776 F. Supp. 2d 511 (N.D. Ohio 2011) (applying the substantive law of the state where the cause of action arose to determine whether punitive damages can be recovered). Therefore, Ohio law governs whether the Plaintiff can recover punitive damages in this case.

The standard for recovering punitive damages under Ohio law is governed by statute. Under the Ohio Revised Code, punitive damages are appropriate when (1) the actions of the defendant demonstrate malice or aggravated/egregious fraud and (2) the trier of fact has determined that a compensatory damage award is also appropriate. *Barnes v. Univ. Hosps. of Cleveland*, 2008-Ohio-3344, 893 N.E.2d 142 (citing O.R.C. § 2315.21(c)). Fraud is "aggravated" if it is accompanied by the existence of malice or ill will. Fraud is "egregious" if the fraudulent wrongdoing is particularly gross. *See Charles R. Combs Trucking, Inc. v. Int'l Harvester Co.*, 466 N.E.2d 883, 888 (Ohio

1984)). Punitive damages may be awarded against the defendant as a punishment to discourage others from committing similar wrongful acts. *See id.*

### III.     ANALYSIS

The first factor required for the Court to award punitive damages is that the actions of the defendants must demonstrate malice or aggravated/egregious fraud. That factor has been established in this case. Defendants entered into a fraudulent business arrangement with Plaintiffs where Defendants promised to pay Plaintiffs a discrete sum on a regular basis. Defendants not only failed to make the promised payments, they also attempted to buy time to continue their scheme by executing fraudulent "promissory notes" and "deposit slips" to falsely assure Plaintiffs that their promised payments were forthcoming. (Doc. 1, at 6–9). These actions demonstrate clear fraudulent intent; an award of punitive damages is therefore appropriate.

The second factor required for the Court to award punitive damages is that the trier of fact must have determined that a compensatory damage award was also appropriate. That has happened in this case. The Court entered a Default Judgment in favor of Plaintiffs on October 12, 2016, awarding them $335,000 plus interest. All Defendants are jointly and severally liable for that award.

Plaintiffs' motion for punitive damages "defer[s] to the Court to exercise its reasonable discretion of the proper amount of punitive damages that should be awarded." Plaintiffs assert through their motion that they have paid $41,142 in attorneys' fees to this point in the litigation. The Court sees fit to order Defendants to reimburse those fees as the time incurred and the applicable hourly rates are reasonable. Additional punitive

3

damages are also warranted based on Defendants' outrageous behavior. After reviewing other judgments against these Defendants in related cases, *see, e.g.*, *Assen v. Jones et al.*, S.D. Ohio Case No. 2:15-cv-2892, ECF Doc. No. 45 (S.D. Ohio Jan. 4, 2017), the Court determines that $90,000 in additional punitive damages is sufficient to punish Defendants and deter others from engaging in similar behavior.[1]

### IV. CONCLUSION

Accordingly, for the reasons outlined above:

1) Plaintiffs' motion for punitive damages (Doc. 53) is **GRANTED**;

2) Plaintiffs are awarded $41,142 in attorneys' fees and $90,000 in additional punitive damages for a total of $131,142 in punitive damages. Defendants are jointly and severally liable for this award.

3) The Clerk shall enter a judgment in accordance with this Order.

**IT IS SO ORDERED.**

Date: ___1/13/17_____  _____
Timothy S. Black
United States District Judge

---

[1] In *Assen*, the court awarded a judgment in favor of the plaintiff and against Defendant Jones for compensatory damages of $326,375. *Assen*, S.D. Ohio Case No. 2:15-cv-2892, ECF Doc. No. 45, at 9 (S.D. Ohio Jan. 4, 2017). The court then levied punitive damages of $87,755 against Jones: this represented the value of actual damages suffered from the most recent instance of fraud in Defendant's scheme in that case. *Id.* The Court finds that the punitive damages award in *Assen* was appropriately balanced. Plaintiff's compensatory damages in this case are nearly identical to the compensatory damages awarded to the plaintiff in *Assen*—$335,000 vs. $326,375. Accordingly, the Court finds it appropriate that the punitive damages levied here be similarly proportional to those levied in *Assen*—in this case, $90,000 vs. *Assen*'s $87,755.